**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| TALENTSCALE, INC.<br><br>Judgment Creditor,<br><br>v.<br><br>AERY AVIATION, LLC<br><br>Judgment Debtor | ) | Case No. 6:25-mc-00003 |

**MOTION FOR A PROTECTIVE ORDER**

COMES NOW the Judgment Debtor, Aery Aviation, LLC ("Aery"), by counsel, and pursuant to Federal Rule of Civil Procedure 26(c) moves this Court to enter a Protective Order applied to all subpoenas, including but not limited to the subpoena issued to Christine Renee Lannon, prohibiting inquiry into the personal affairs and assets of the individual members of Aery and their families that are unrelated to assets or operations of Aery. Aery provides its basis for the Motion and legal support in its Memorandum in Support filed contemporaneously with this Motion.

WHEREFORE, Aery respectfully requests that this Court grant Aery's Motion for a Protective Order.

This 4th Day of September, 2025.

**Respectfully submitted,**
**Aery Aviation, LLC**

**By**_/s/ *Rachel Rodriguez*______

Rachel L.T. Rodriguez
FL Bar No. 110425
Vires Law Group, PLLC
515 N. Flagler Dr., Suite 350
West Palm Beach, FL 33401
Tel: (561) 370-7383
rrodriguez@vireslaw.group

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September 2025, a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of such filing to the following:

Eric J. Pons
Chase Law & Associates PA
951 Yamato Road
Suite 280
Boca Raton, FL 33431
epons@chaselaw.com

Kenneth Chase
Chase Law & Associates, P.A.
1141 71st Street
Miami, FL 33141
kchase@chaselaw.com

_/s/ *Rachel Rodriguez*______

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| TALENTSCALE, INC.<br><br>Judgment Creditor,<br><br>v.<br><br>AERY AVIATION, LLC<br><br>Judgment Debtor | ) | Case No. 6:25-mc-00003 |

**MEMORANDUM IN SUPPORT OF AERY AVIATION LLC'S MOTION FOR A PROTECTIVE ORDER**

COMES NOW the Judgment Debtor, Aery Aviation, LLC ("Aery"), by counsel, and for its Memorandum in Support of Aery's Motion for a Protective Order, states as follows:

1. Plaintiff Talentscale is a judgment creditor of Aery pursuant to a judgment obtained in the United States District Court for the Eastern District of Virginia on October 9, 2024.

2. Importantly, the judgment at issue is against Aery. Talentscale does not have any judgments or claims, pending or otherwise, against the individual members of Aery.

3. On August 22, 2025, Talentscale issued a subpoena to Christine Lannon, the sister of Aery member Scott Beale, seeking, among other things, documents reflecting the source of funds for her residence at 8334 Rimini Way,

Naples, Florida, communications with title agents, and communications with Scott Beale regarding the property. *See* **Exhibit A**.

4. Ms. Lannon is not affiliated with Aery in any way. The only alleged connection is that Mr. Beale co-signed a loan for her property in his individual capacity. According to Talentscale, however, this is all the connection needed.

5. Aery, through counsel, promptly conferred with Talentscale's counsel. As reflected in correspondence attached as **Exhibit B**, Aery explained that there is no good-faith basis for intruding into Ms. Lannon's private financial and familial communications, which are wholly unrelated to Aery. A fair reading of Talentscale's counsel's response reflects a belief on the part of Talentscale that anything connected to a member of Aery is fair game, no matter how tenuous, despite having no claims or judgments against Aery's members.

6. Talentscale has pursued a consistent pattern of overreaching discovery and collection tactics directed not at Aery itself, but at its members and their family members. For example, earlier this year Talentscale issued a subpoena to Thirteen Properties, LLC, an entity entirely unaffiliated with Aery, seeking confidential ownership information related to Jennifer Beale, the spouse of an Aery member. *See* **Exhibit C**.

7. Aery was forced to move to quash that subpoena in the Northern District of Florida, noting that the requests had no nexus to collectible assets of Aery

and appeared designed solely to harass Mrs. Beale. Only after Aery's motion was filed did Talentscale agree to withdraw that subpoena. *See Talentscale, Inc. v. Aery Aviation, LLC, No. 5:25-mc-00001-TKW (N.D. Fla.), ECF No. 62 (Aery's Motion to Quash Subpoena filed May 2, 2025).*

8. Despite that withdrawal, Talentscale quickly resumed the same tactics. On August 15, 2025, Talentscale issued a subpoena to Nova Homes of Southern Florida, demanding extensive records such as building permits, inspection reports, construction contracts, invoices, payments, and communications related to Scott Beale's personal residence. *See* **Exhibit D**. None of the requests even mentioned Aery.

9. Aery again sought a protective order, which is currently pending in the Northern District of Florida, explaining that such discovery was irrelevant to Aery's assets and could only serve to harass Mr. Beale and his family. *See Talentscale, Inc. v. Aery Aviation, LLC*, No. 5:25-mc-00001-TKW (N.D. Fla.), ECF No. 128 (Aery's Motion for Protective Order filed Aug. 25, 2025).

10. These filings demonstrate that Talentscale's latest subpoena to Ms. Lannon, Ex. A, is not an isolated occurrence but part of a broader campaign of improper discovery aimed at harassing Aery's members. As in the Thirteen Properties and Nova Homes matters, the Lannon subpoena targets personal and

family affairs unrelated to Aery's assets. The Northern District has already been asked to intervene to curtail this conduct, and the same relief is warranted here.

11. Talentscale's judgment against Aery does not allow Talentscale to abuse the court process to request any and all personal information belonging to the individual members of Aery or their families.

12. Pursuant to Federal Rule of Civil Procedure 26(c), this Court has broad discretion to limit the scope of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." F.R.C.P. 26(c)(1).

13. Rule 26 grants this Court the "power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes." *Williams v. City of Dothan, Ala.*, 745 F. 2d 1406, 1416 (11th Cir. 1984) (quoting *Bridge C.A.T. Scan Associates v. Technicare Corp.*, 710 F.2d 940, 945 (2nd Cir. 1983)).

14. Additionally, federal courts use a balancing of interests approach to determine if a protective order is appropriate, balancing the "party's interests in obtaining access against the other party's interest in keeping the information confidential." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F. 3d 1304, 1313 (11th Cir. 2001).

15. Here, the purpose of post judgment discovery is to allow Talentscale to identify collectible assets belonging to Aery. However, such discovery "should not

devolve into a fishing expedition for irrelevant or cumulative information which does not advance that purpose." *E.I. DuPont de Nemours & Co. v. Kolon Indus.*, 286 F.R.D. 288, 292 (E.D. Va. 2012).

16. Talentscale's subpoena to Christine Lannon targets Aery through family channels and private communications that serves no other purpose than to harass Aery through its members' family. The Lannon subpoena demands (i) "source of funds" for purchase/renovations, (ii) communications with title/closing agents, (iii) funds or capital from Scott Beale, (iv) funds or capital from Aery, and (v) communications with Scott Beale regarding the property, from 1/1/2023 to present.

17. Four of the five categories impose undue burden on Aery without advancing the purpose of post-judgment discovery. Specifically, requests 1, 2, 3, and 5 would not identify Aery-owned assets; they would, however, inflict substantial litigation expense and ongoing operational distraction on Aery as it is forced to respond and protect its stakeholders from collateral privacy intrusions.

18. Aery's conferral emails with Talentscale's attorney, Ex. A, show the only asserted "connection" is that Ms. Lannon is Mr. Beale's sister, and that Mr. Beale's role was as a co-signer in his individual capacity, not on behalf of Aery. Pursuing a family member's personal files and private sibling communications to probe Aery by proxy is inherently harassing to Aery. It predictably forces Aery into

repeated motion practice, drains resources, and pressures its principals through their relatives, all harms Rule 26(c) is designed to prevent.

19. The historical record shows a pattern that has already burdened Aery and required court intervention. As referenced above, Aery had to move to quash a subpoena to Thirteen Properties, LLC because Talentscale sought confidential ownership information linked to a relative of an Aery member, as here; those requests bore no nexus to Aery's collectible assets. Months later, Talentscale subpoenaed Nova Homes of Southern Florida for permits, invoices, payments, and communications about Mr. Beale's personal residence, requests that did not even mention Aery, prompting Aery to seek a protective order to halt the harassment.

20. As for the Lannon Subpoena, Talentscale's legitimate interest is fully satisfied by a single narrow category that Aery already proposed. If Talentscale's articulated goal is to confirm whether Aery itself funded the Naples property, Request No. 4 (documents showing funds or capital from Aery Aviation, LLC) is the only category that could bear on that question. During conferral, Aery expressly proposed limiting the subpoena to Request No. 4 as a reasonable, targeted path, yet counsel for Talentscale refused to engage further on the topic.

21. Aery has a material interest in preventing the harassment of its individual members and their family members. Accordingly, Aery requests that this Court enter a protective order prohibiting Talentscale's inquiry into the personal

affairs and assets of the individual members of Aery and their families that are unrelated to assets or operations of Aery.

WHEREFORE, Judgment Debtor, Aery Aviation, respectfully requests this Honorable Court to enter a protective order, applied to all subpoenas, including but not limited to the subpoena issued to Christine Lannon, prohibiting inquiry into the personal affairs and assets of the individual members of Aery and their families that are unrelated to assets or operations of Aery, and grant such other relief the Court deems just and proper.

**Local Rule 3.01 (g) Statement on Conferral**

The undersigned certifies that, pursuant to Local Rule 3.01(g), co-counsel for Aery conferred with Eric Pons, counsel for Judgment Creditor, Talentscale, Inc., regarding its Third-Party Subpoena and this request to withdraw same. Mr. Pons declined to withdraw the Third-Party Subpoena and opposes this motion.

**Respectfully submitted,**
**Aery Aviation, LLC**

**By**_/s/ *Rachel Rodriguez*______

Rachel L.T. Rodriguez
FL Bar No. 110425
Vires Law Group, PLLC
515 N. Flagler Dr., Suite 350
West Palm Beach, FL 33401
Tel: (561) 370-7383
rrodriguez@vireslaw.group

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September 2025, a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of such filing to the following:

Eric J. Pons
Chase Law & Associates PA
951 Yamato Road
Suite 280
Boca Raton, FL 33431
epons@chaselaw.com

Kenneth Chase
Chase Law & Associates, P.A.
1141 71st Street
Miami, FL 33141
kchase@chaselaw.com

_/s/ *Rachel Rodriguez*______