# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Talentscale, Inc.
*Plaintiff*
v.
Aery Aviation, LLC
*Defendant*

Civil Action No. 6:25-mc-00003-CEM-RMN

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Christine Renee Lannon
8334 Rimini Way, Naples, FL 34114

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: From 1/1/2023 to present, for 8334 Rimini Way, Naples, FL 34114: (1) documents showing source of funds for purchase or renovations, (2) communications with title or closing agent, (3) funds or capital from Scott Beale, (4) funds or capital from Aery Aviation, LLC, (5) communications with Scott Beale regarding the property.

| Place: Email: epons@chaselaw.com; kchase@chaselaw.com<br>Address: 2110 First Street, Fort Myers, Florida 33901 | Date and Time:<br>09/05/2025 2:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/22/2025

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Eric J. Pons
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Talentscale, Inc. , who issues or requests this subpoena, are:

Eric J. Pons, Esq., epons@chaselaw.com, 951 Yamato Road, Suite 280, Boca Raton, FL, 33431

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT B

Gmail

**Justin Burch <justin@davislawplc.com>**

## Talentscale v. Aery (Case No. 6:25-mc-00003) - Notice of Subpoena

**Erin McDaniel** <erin.mcdaniel@davisba.com> Tue, Aug 26, 2025 at 12:36 PM
To: "Eric J. Pons" <epons@chaselaw.com>
Cc: "chris.davis@davisba.com" <chris.davis@davisba.com>, Justin Burch <justin.burch@davisba.com>, Rachel Rodriguez <rrodriguez@vireslaw.group>, "Kenneth E. Chase" <kchase@chaselaw.com>

Eric,
If I'm understanding you correctly, you're saying that your only basis for believing that Aery funds may have been used to purchase Ms. Lannon's home is that home is titled in the name of Ms. Lannon and Scott Beale, who happens to be a member of Aery. In other words, the only connection of this subpoena to Aery is that Ms. Lannon is Mr. Beale's sister.
I don't believe that this constitutes a good faith basis for requesting documents reflecting source of funds for the purchase or renovations of Ms. Lannon's home, communications with the closing or title agent, or communications with Mr. Beale related to the property.

It is our position that Talentscale should withdraw this subpoena entirely. However, in the interest of making good faith efforts to resolve this dispute, if Talentscale would agree to limit the subpoena to request number 4, which is for documents showing funds or capital from Aery Aviation, LLC related to 8334 Rimini Way, we would consider that a reasonable effort to narrow the scope to relevant documents.

Please advise.

On Tue, Aug 26, 2025 at 12:02 PM Eric J. Pons <epons@chaselaw.com> wrote:

> Good Afternoon Erin –
>
> The discovery sought is directly tied to our collections efforts against Aery. Unsurprisingly, based on your email, it appears that you cannot confirm definitively whether Scott simply co-signed the loan or spent Aery's funds to purchase the home. As we've already discussed, Aery has consistently taken the position that it cannot repay Talentscale's judgment while consistently distributing large sums to Aery's members each year, as shown in Aery's tax returns. Meanwhile, Scott, Aery's majority interest holder, is purchasing multi-million dollar homes for himself and his family in Florida. We are entitled to discover the source of the funds used to purchase these homes, as well as the communications that will show whether this property was purchased and maintained with Aery's funds. As you know, that would entitle our client to claw back those funds.
>
> We also disagree with your characterization of the documents requested. We are not conducting discovery into the entirety of Christine's personal finances, only records showing how the property held by her and Scott, Aery's majority-interest holder, was purchased. Since Aery has purportedly struggled to remain financially viable over the last four years or so, large home purchases by Aery's members raise serious concerns as to whether Aery is circumventing its growing debts owed to Talentscale and Aery's other creditors.
>
> Once again, does your firm intend to represent Christine or Scott in this matter? Otherwise, Aery has no standing to oppose the subpoena.
>
> That said, we have no issue conferring on particular documents that you believe have no nexus to these collections proceedings. Objecting to theoretical categories of documents that you cannot presently confirm exist does not appear to be a good-faith effort to confer, and we will bring that to the Court's attention should a motion be filed by your office.

Thank you.

**Eric J. Pons**

Chase Law & Associates, P.A.

t 305.479.7380

epons@chaselaw.com

**Boca Raton Office**

951 Yamato Road, Suite 280

Boca Raton, FL 33431

FLORIDA I CALIFORNIA

WASHINGTON, DC I NEW YORK

MASSACHUSETTS I MARYLAND I TEXAS

www.chaselaw.com

CHASE LAW
& ASSOCIATES, P.A.

*This electronic communication contains information from the law firm of Chase Law & Associates, P.A. The contents and attachments may be privileged and confidential and are intended only for the named recipients. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you received this communication in error, please contact me. Thank you for your assistance.*

---

**From:** Erin McDaniel <erin.mcdaniel@davisba.com>
**Sent:** Tuesday, August 26, 2025 8:57 AM
**To:** Eric J. Pons <epons@chaselaw.com>
**Cc:** chris.davis@davisba.com; Justin Burch <justin.burch@davisba.com>; Rachel Rodriguez <rrodriguez@vireslaw.group>; Kenneth E. Chase <kchase@chaselaw.com>
**Subject:** Re: Talentscale v. Aery (Case No. 6:25-mc-00003) - Notice of Subpoena

Eric,

Ms. Lannon, the subject of the subpoena, is the sister of Scott Beale. She has no affiliation with Aery in any way. My understanding is that Mr. Beale co-signed on the loan for the property identified in the subpoena. He did so in his

individual capacity.

Talentscale is not entitled to confidential documents related to the real property and personal finances of Ms. Lannon. Nor is Talentscale entitled to private communications between Ms. Lannon and her brother.

Although Talentscale is entitled to conduct discovery related to Aery and its assets, it is not appropriate to issue subpoenas to any individual that has a personal connection to a member of Aery without a good faith basis to believe that the individual is in possession of assets belonging to Aery.

Absent such a good faith basis, we are requesting that you withdraw this subpoena.

On Fri, Aug 22, 2025 at 1:59 PM Eric J. Pons <epons@chaselaw.com> wrote:

> Good Afternoon –
>
> Please see attached.
>
> Thank you.
>
> **Eric J. Pons**
>
> Chase Law & Associates, P.A.
>
> t 305.479.7380
>
> epons@chaselaw.com
>
> **Boca Raton Office**
>
> 951 Yamato Road, Suite 280
>
> Boca Raton, FL 33431
>
> FLORIDA I CALIFORNIA
>
> WASHINGTON, DC I NEW YORK
>
> MASSACHUSETTS I MARYLAND I TEXAS
>
> www.chaselaw.com
>
> CHASE LAW
> & ASSOCIATES, P.A.

*This electronic communication contains information from the law firm of Chase Law & Associates, P.A. The contents and attachments may be privileged and confidential and are intended only for the named recipients. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you received this communication in error, please contact me. Thank you for your assistance.*

--

Erin C. McDaniel

DAVIS | BURCH | ABRAMS

555 Belaire Ave., Suite 340 | Chesapeake, Virginia | 23320

Office: (757) 410-2293 ext 706 | Fax: (757) 257-8614

www.DavisBA.com

This email message and any attachments are confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work-product or otherwise protected by applicable law. If you received this message in error, please notify the sender at 757-410-2293 and delete this message.

--

Erin C. McDaniel
DAVIS | BURCH | ABRAMS
555 Belaire Ave., Suite 340 | Chesapeake, Virginia | 23320
Office: (757) 410-2293 ext 706 | Fax: (757) 257-8614
www.DavisBA.com

This email message and any attachments are confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work-product or otherwise protected by applicable law. If you received this message in error, please notify the sender at 757-410-2293 and delete this message.

# EXHIBIT C

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Florida

Talentscale, Inc.
*Plaintiff*
v.
Aery Aviation, LLC
*Defendant*

Civil Action No. 5:25-mc-00001

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Thirteen Properties, LLC c/o L. Bryan Carr
1392 Som Center Road, Mayfield Heights, OH 44124

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The documents requested in Exhibit A, attached to this subpoena.

| Place: Via email to epons@chaselaw.com and kchase@chaselaw.com | Date and Time: 04/30/2025 2:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/15/2025

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

/s/ Eric J. Pons
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Judgment Creditor Talentscale, Inc. , who issues or requests this subpoena, are:

Eric J. Pons, Esq., epons@chaselaw.com, 951 Yamato Road, Suite 280, Boca Raton, FL, 33431

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT "A"

### Definitions

These discovery requests should be construed in accordance with the following definitions and instructions:

1. **You** – When used in this subpoena *duces tecum*, the term "you" means the party receiving these discovery requests as well as any person acting on behalf of that party.

2. **Document** – When used in this subpoena *duces tecum*, the term "document" shall be construed in its broadest sense to include hard copy documents and documents in electronic form, including emails and text messages, and documents or information stored in, maintained on or accessible through computers, cloud drives, disk drives, or other electronic storage media.

3. **Communications** – When used in this subpoena *duces tecum*, the term "communications" shall be deemed to include all written or oral contact of any sort, whether by correspondence, telephone, text message, WhatsApp message, facsimile, email, over the internet, in person or otherwise.

4. **Relate, relating to, regarding, pertaining to and concerning** – When used in these discovery requests, the aforementioned terms mean anything about, referring to, discussing, describing, reflecting, revealing, containing, indicating, showing, evidencing, mentioning, bearing upon, comprising, identifying, dealing with, consisting of, constituting, or in any way pertaining, in whole or in part, to a subject.

5. This discovery request is continuing in character so as to require you to promptly supplement your response if you obtain further or different information after providing your response.

### Requests

1. Produce account statements for any financial accounts held by you in the name of or for the benefit of Aery Aviation, LLC, whose address is 1009 Providence Boulevard, Newport News, VA, 23602, including checking, savings, and investment accounts, from January 1, 2021 to the present.

2. Produce records of any wire transfers, ACH transfers, or funds transfers involving accounts held by you by or for the benefit of Aery Aviation, LLC, whose address is 1009 Providence Boulevard, Newport News, VA, 23602, from January 1, 2021 to the present.

3. Produce records of any wire transfers, ACH transfers, or funds transfers sent by you or on behalf of your accountholders to accounts held by Aery Aviation, LLC, whose address is 1009 Providence Boulevard, Newport News, VA, 23602, from January 1, 2021 to the present.

4. Produce invoices, payment records, and documents reflecting debts owed by you to Aery Aviation, LLC, whose address is 1009 Providence Boulevard, Newport News, VA, 23602, from January 1, 2021 to the present.

5. Produce contracts, agreements, or purchase orders between you and Aery Aviation, LLC, whose address is 1009 Providence Boulevard, Newport News, VA, 23602, from January 1, 2021 to the present.

6. Produce records of any loans or financing arrangements between you and Aery Aviation, LLC, whose address is 1009 Providence Boulevard, Newport News, VA, 23602, including repayment terms and outstanding balances, from January 1, 2021 to the present.

7. Produce documents identifying property, equipment, or other assets in your possession or control that belong to or are held for the benefit of Aery Aviation, LLC, whose address is 1009 Providence Boulevard, Newport News, VA, 23602, from January 1, 2021 to the present.

8. Produce correspondence or communications between you and Aery Aviation, LLC, whose address is 1009 Providence Boulevard, Newport News, VA, 23602, related to payments or account balances from January 1, 2021 to the present.

9. Produce records of garnishments, liens, or levies served on you concerning Aery Aviation, LLC, whose address is 1009 Providence Boulevard, Newport News, VA, 23602, identifying the creditor and amounts collected, from January 1, 2021 to the present.

10. Produce W-9 forms, tax identification documents, or corporate setup documents submitted by Aery Aviation, LLC, whose address is 1009 Providence Boulevard, Newport News, VA, 23602, from January 1, 2021 to the present.

11. Produce documents or communications showing Aery Aviation, LLC's, Scott Beale's, and Jennifer Beale's ownership interest in Thirteen Properties, LLC, from January 1, 2021 to the present.

12. Produce documents or communications showing Thirteen Properties, LLC's members and owners, from January 1, 2021 to the present.

13. Produce documents or communications showing Aery Aviation, LLC's, Scott Beale's, and Jennifer Beale's ownership interest in the property located at 6674 Gates Mills Boulevard, Gates Mills, Ohio 44040, from January 1, 2021 to the present.

14. Produce documents or communications showing the owners of the property located at 6674 Gates Mills Boulevard, Gates Mills, Ohio 44040, from January 1, 2021 to the present.

# EXHIBIT D

# UNITED STATES DISTRICT COURT

for the

Northern District of Florida

Talentscale, Inc.
*Plaintiff*
v.
Aery Aviation, LLC
*Defendant*

Civil Action No. 5:25-mc-00001

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Nova Homes of South Florida, Inc. c/o Maharai Dacosta
3825 Beck Boulevard, Suite 703, Naples, FL 34114

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The documents requested in Exhibit A, attached to this subpoena.

| Place: Email: epons@chaselaw.com; kchase@chaselaw.com Address: 951 Yamato Road, Suite 280, Boca Raton, FL 33431 | Date and Time: 08/29/2025 2:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/15/2025

*CLERK OF COURT*

OR

_______________________
*Signature of Clerk or Deputy Clerk*

/s/ Eric J. Pons
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Talentscale, Inc. , who issues or requests this subpoena, are:

Eric J. Pons, Esq., epons@chaselaw.com, 951 Yamato Road, Suite 280, Boca Raton, FL, 33431

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT "A"

## Definitions

These discovery requests should be construed in accordance with the following definitions and instructions:

1. **You or your** – When used in this subpoena *duces tecum*, the term "you" or "your" means the party receiving these discovery requests as well as any person acting on behalf of that party.

2. **Document** – When used in this subpoena *duces tecum*, the term "document" shall be construed in its broadest sense to include hard copy documents and documents in electronic form, including emails and text messages, and documents or information stored in, maintained on or accessible through computers, cloud drives, disk drives, or other electronic storage media.

3. **Communications** – When used in this subpoena *duces tecum*, the term "communications" shall be deemed to include all written or oral contact of any sort, whether by correspondence, telephone, text message, WhatsApp message, facsimile, email, over the internet, in person or otherwise.

4. **Relate, relating to, regarding, pertaining to and concerning** – When used in these discovery requests, the aforementioned terms mean anything about, referring to, discussing, describing, reflecting, revealing, containing, indicating, showing, evidencing, mentioning, bearing upon, comprising, identifying, dealing with, consisting of, constituting, or in any way pertaining, in whole or in part, to a subject.

5. This discovery request is continuing in character so as to require you to promptly supplement your response if you obtain further or different information after providing your response.

## Requests

1. For the period of January 1, 2022 to the present, contracts, proposals, estimates, change orders, and work orders for construction, remodeling, renovation, or repair work performed for Scott A. Beale, including but not limited to work performed on the property located at 127 Gulfport Court, Marco Island, FL 34145.

2. For the period of January 1, 2022 to the present, invoices issued to Scott A. Beale for construction, remodeling, renovation, or repair work, including but not limited to work performed on the property located at 127 Gulfport Court, Marco Island, FL 34145.

3. For the period of January 1, 2022 to the present, records of payments made by or on behalf of Scott A. Beale for construction, remodeling, renovation, or repair work, including without limitation cancelled checks, bank records, wire transfer confirmations, receipts, credit card records, and cash payment receipts.

4. For the period of January 1, 2022 to the present, documents identifying and evidencing the source of funds used by Scott A. Beale to make payments for construction, remodeling, renovation, or repair work, including but not limited to bank statements, wire transfer records, escrow records, and related correspondence.

5. For the period of January 1, 2022 to the present, communications between you and Scott A. Beale regarding construction, remodeling, renovation, or repair work, including discussions of costs, payments, or funding sources.

6. For the period of January 1, 2022 to the present, building permits, inspection reports, lien releases, and certificates of occupancy or completion related to construction, remodeling, renovation, or repair work performed for Scott A. Beale.

7. For the period of January 1, 2022 to the present, lien notices, lien claims, or lien satisfactions filed in connection with work performed for Scott A. Beale.

8. For the period of January 1, 2022 to the present, subcontractor agreements, invoices, and payment records for work performed for Scott A. Beale.

9. For the period of January 1, 2022 to the present, warranty documents, maintenance agreements, or service contracts issued to or signed by Scott A. Beale in connection with construction or renovation work.

10. For the period of January 1, 2022 to the present, communications between you and third parties concerning payment for work performed for Scott A. Beale, including but not limited to lenders, title companies, escrow agents, or real estate agents.