**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Case No. 6:25-mc-00003-CEM-RMN

TALENTSCALE, INC.,

Plaintiff / Judgment-Creditor,

v.

AERY AVIATION, LLC,

Defendant / Judgment-Debtor.
_______________________________________/

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Plaintiff Talentscale, Inc. respectfully files this Opposition to Defendant Aery Aviation, LLC's Motion for Protective Order.

## INTRODUCTION

Plaintiff seeks post-judgment discovery within the broad scope of Rule 69(a)(2), which authorizes judgment creditors to obtain discovery to locate assets for execution and investigate potential fraudulent transfers. Plaintiff holds a $1,142,467 judgment against Defendant for staffing services rendered, entered on October 9, 2024, arising from a 2022 invoice that remains unpaid despite repeated acknowledgements and promises to pay.

During a May 23, 2025 hearing before the United States District Court for the Northern District of Florida, Defendant's counsel represented to Plaintiff and District Judge T. Kent Wetherell II that Defendant lacked funds

to satisfy the judgment. Ex. 1, ¶¶ 9-11. However, third-party discovery has revealed that Defendant's majority member, Scott Beale, received over $8.6 million in distributions between 2022 and 2024, in addition to his annual salary, while the judgment remained unpaid.[1] Third-party records further show that Beale purchased two Florida residences for nearly $2 million and expended at least $923,274 renovating one property. Ex. 1, ¶¶ 13-20.

Specifically, Beale purchased 127 Gulfport Court, Marco Island, Florida, on March 19, 2022, for $1.25 million, and 8334 Rimini Way, Naples, Florida, on September 27, 2023, jointly owned with his sister Christine Lannon, for $550,000. Ex. 1, ¶¶ 13, 17, 20. Third-party records establish that Beale spent at least $923,274 renovating the Marco Island property. Ex. 1, ¶¶ 14, 16, 18-19.

To trace whether these multimillion-dollar expenditures were funded through transfers from the judgment debtor, Plaintiff subpoenaed Christine Lannon for documents including: (1) source of funds for purchase and renovations of 8334 Rimini Way, Naples, Florida; (2) communications with title or closing agents; (3) Beale's funds or capital used for the purchase; (4) Defendant's funds or capital used for the purchase; and (5) related

[1] Should the Court wish to examine these financial records, Plaintiff will seek leave to file them under seal, as certain documents were produced subject to a duly executed confidentiality agreement.

correspondence. ECF No. 18-1. Plaintiff seeks these records to determine whether Defendant's distributions funded Beale's and Lannon's property purchases and renovations, constituting fraudulent transfers under Florida law.

Defendant lacks standing to challenge these nonparty subpoenas. The records concern non-party Beale's property transactions, not Defendant's assets. Defendant claims no interest in these properties or documents and asserts no privilege or protected interest. The United States District Court for the Northern District of Florida has ruled that Defendant cannot oppose third-party subpoenas where the subpoenaed party has not claimed protection. Ex. 1, ¶ 8. Neither the subpoenaed parties nor Lannon filed objections. Defendant's motion therefore lacks a valid basis, for lack of standing, and should be denied.

## ARGUMENT

### I. The Motion for Protective Order Should be Denied as the Post-Judgment Discovery Sought is Within the Scope of Rule 69.

Federal courts allow broad discovery of a debtor's financial records on an outstanding judgment, notwithstanding an individual's right to financial privacy. *Cardinal v. Vitamin Emporium, Inc.*, No. 6:21-cv-379-ACC-EJK, 2023 WL 8877886, at *2 (M.D. Fla. Dec. 22, 2023); *see also Fed. Trade Comm'n v. NPB Advert.*, No. 8:14-CV-1155-T-23TGW, 2017 WL 11682312, at *1 (M.D. Fla. Apr. 14, 2017) ("discovery is broad under Rule 69(a)(2), and a judgment creditor

is permitted to obtain discovery from nonparties."); *see also Bujanowski v. Kocontes*, No. 8:08-CV-0390-T-33EAJ, 2009 WL 10744070, at *1-3 (M.D. Fla. Aug. 19, 2009) (deny judgment debtor's motion and allowing judgment creditor to subpoena forty-four categories of documents covering the debtor's "financial transactions over the previous five years."); *Frenkel v. Acunto*, No. 11–62422–CIV, 2014 WL 4680738, at *5-6 (S.D. Fla. Sept. 19, 2014) (denying motion for protective order in favor of subpoena to third party seeking discovery into potential fraudulent transfers of judgment debtor's assets). The "purpose of discovery under Rule 69(a)(2), is to determine the assets that can be used to pay a judgment and to discover a judgment debtor's fraudulent transfer of assets or concealment of assets." *Id.* The scope of post-judgment discovery is as follows:

> The creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred. Broad discovery of a debtor's assets is permitted postjudgment—the debtor's assets, whether held individually or jointly, are relevant to collecting the debt owed.

*WL All. LLC v. Precision Testing Grp., Inc.*, No. 3:19cv4459-RV/HTC, 2022 WL 19333294, at *2-3 (N.D. Fla. Nov. 14, 2022) (quoting *Assn. for Disabled Americans, Inc. v. Dinette Showcase, Inc.*, Case No. 00-8552-CIV, 2015 WL 9690016, at *1 (S.D. Fla. Dec. 9, 2015)).

Plaintiff seeks discovery from third parties concerning substantial property purchases and renovations by Scott Beale and his sister Lannon while Plaintiff's debt remained outstanding. Third-party records show that Beale

used nearly $2 million to acquire two Florida residences and spent at least $923,274 on renovations. Discovery is required to determine whether Defendant's distributions funded these acquisitions and renovations, and whether transfers to Beale's or Lannon's contractors were legitimate business transactions or fraudulent transfers.

The specific document categories requested from Lannon are central to this inquiry. Bank records, wire confirmations, and payment documentation reflect actual funding sources for 8334 Rimini Way, Naples, Florida. These documents enable Plaintiff to determine whether Lannon or Beale used Defendant's money for personal property transactions and whether those transfers satisfy fraudulent transfer elements under Fla. Stat. §§ 726.105–106. Because Rule 69 expressly authorizes this inquiry, and the discovery targets third parties with knowledge of transactions involving Defendant's assets, Defendant's motion should be denied.

Defendant's case law fails to address the well-established authority granting judgment creditors' broad rights to conduct post-judgment financial discovery and does not apply here. Both *Williams v. City of Dothan, Ala.*, 745 F. 2d 1406, 1416 (11th Cir. 1984), and *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F. 3d 1304, 1313 (11th Cir. 2001), involved disputes during pretrial proceedings and are therefore inapposite to these post-judgment proceedings. In fact, *E.I. DuPont de Nemours & Co. v. Kolon Indus.*,

286 F.R.D. 288, 292 (E.D. Va. 2012) did not address a motion for a protective order and was issued by a district court outside the Eleventh Circuit.

## II. Defendant Lacks Standing to Move for a Protective Order Against the Non-Party Subpoena.

The United States District Court for the Northern District of Florida held that "'[a] party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself, but a party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person.'" Ex. 1, ¶ 8. "For this reason alone," such motions "must be denied." *Id.*

A party seeking a protective order to limit third-party discovery must establish standing by demonstrating that the discovery implicates a privilege held by that party. *Bender for Alansari v. Tropic Star Seafood, Inc.*, No. 4:07cv438–SPM/WCS, 2008 WL 11344668, at *2 (N.D. Fla. June 18, 2008) (finding movant seeking protective order "lacks standing to object to this third-party subpoena duces tecum except with respect to privilege, trade secrets, confidential research, commercial information, or similar grounds personal to [movant]"); *see also Am. Univ. of the Caribeean v. Tien*, No. 04-CV-20834-DIMITROULEAS/VALLE, 2018 WL 1193339 (S.D. Fla. Feb. 28, 2018) (finding "no factual or legal support" for judgment debtor's standing to seek a protective order against subpoenas in aid of execution directed to third parties). Further,

there are only limited circumstances that confer standing to a party to contest a non-party subpoena. *Malibu Media, LLC v. John Does 1-35*, 2012 WL 4513050, No. 2:12–cv–178–FtM–99DNF, at *4-5 (M.D. Fla. Aug. 15, 2012). "A party does not have standing to object to a non-party subpoena on the basis that it is burdensome, oppressive or is overly broad." *Id.*

The records sought pertain to the potential fraudulent transfer of the judgment debtor's assets for the purchase and renovation of 8334 Rimini Way, Naples, Florida. The motion for protective order contains no argument for the existence of a privilege or protectable interest in documents sought from Lannon. The motion should be denied for lack of standing.

## CONCLUSION

For the reasons discussed herein, Defendant's motion for a protective order should be denied.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By: */s/ Eric J. Pons*
Eric J. Pons
Florida Bar No. 1018390
epons@chaselaw.com
Chase Law & Associates, P.A.
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Telephone: (305) 479-7380

*Counsel for Plaintiff /Judgment-Creditor Talentscale, Inc.*

**CERTIFICATE OF SERVICE**

I, Eric J. Pons, hereby certify that I served the foregoing via CM/ECF on September 17, 2025, which serves electronic notice on all counsel of record and registered CM/ECF users.

By: *<u>/s/ Eric J. Pons</u>*
Eric J. Pons