**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Case No. 6:25-mc-00003-CEM-RMN

TALENTSCALE, INC.,

Plaintiff / Judgment-Creditor,

v.

AERY AVIATION, LLC,

Defendant / Judgment-Debtor.
_______________________________________/

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 3.01(i), Plaintiff Talentscale, Inc. respectfully files this Notice of Supplemental Authority.

**Citation of supplemental authority**

Talentscale, Inc. v. Aery Aviation, LLC Order Oct. 6, 2025 at 1-20. Ex. 1.

**Applicability of the supplemental authority**

Relevant to Defendant Aery Aviation, LLC's pending Motion for Protective Order, the United States District Court for the Northern District of Florida recently entered an Order on October 6, 2025, in *Talentscale, Inc. v. Aery Aviation, LLC*, Case No. 5:25-mc-00001-TKW/MJF, denying Aery's motion for a protective order that raised nearly identical arguments Aery now asserts before this Court.

In that case, Talentscale, as judgment creditor, served a subpoena duces tecum on Nova Homes of South Florida to obtain documents concerning construction and renovation payments made by Aery's majority member, Scott Beale, while Talentscale's judgment remained unpaid. Aery moved for a protective order, arguing that the subpoena was harassing, sought irrelevant information, and impermissibly invaded the privacy of a non-party. The Northern District rejected those arguments in full. The court held that:

1. Rule 69(a)(2) authorizes broad post-judgment discovery from "any person—including the judgment debtor," to assist a judgment creditor in identifying and recovering assets to satisfy a federal money judgment;

2. Discovery from non-parties is proper when a non-party may have received assets from a judgment debtor and may possess information about assets that could be used to satisfy the judgment or that may have been fraudulently transferred;

3. Aery failed to establish harassment or irrelevance, as Talentscale's subpoena sought information directly related to whether Aery's funds were used to purchase or improve Florida real estate owned by its majority member during the same period Aery claimed insolvency and Talentscale's judgment remained outstanding; and

4. Aery lacked standing to move for a protective order on behalf of a non-party, since it asserted no privilege or personal right over the materials sought.

Ex. 1 at 1-20.

The Northern District's ruling is directly relevant to the instant motion. Aery again seeks to block Talentscale's post-judgment subpoena on identical grounds, asserting harassment, lack of relevance, and privacy concerns over discovery directed to Christine Lannon, the sister of Scott Beale, Aery's majority owner. As with the Nova Homes subpoena, the subpoena to Lannon at issue here is aimed at determining whether Aery's funds were used to acquire or improve the Florida property purchased and titled to Lannon and Beale while Talentscale's judgment has remained outstanding and Aery has claimed insolvency. The discovery sought is plainly relevant to locating and recovering assets under Rule 69(a)(2). The Northern District's October 6, 2025 Order constitutes persuasive authority demonstrating that Aery's present request for a protective order lacks merit and that Talentscale's post-judgment discovery efforts fall squarely within the scope of Rule 69(a)(2).

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By: *__/s/ Eric J. Pons__*

Eric J. Pons
Florida Bar No. 1018390
epons@chaselaw.com
Chase Law & Associates, P.A.
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Telephone: (305) 479-7380

*Counsel for Plaintiff /Judgment-Creditor Talentscale, Inc.*

**CERTIFICATE OF SERVICE**

I, Eric J. Pons, hereby certify that I served the foregoing via CM/ECF on October 7, 2025, which serves electronic notice on all counsel of record and registered CM/ECF users.

By: *__/s/ Eric J. Pons__*
Eric J. Pons