UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TALENTSCALE, INC.,

Plaintiff,

v.

AERY AVIATION, LLC,

Defendant.

Case No. 6:25-mc-00003-CEM-RMN

**JUDGMENT CREDITOR TALENTSCALE, INC.'S MOTION TO COMPEL COGENT BANK TO PRODUCE UNREDACTED STATEMENTS AND INCORPORATED MEMORANDUM OF LAW**

Judgment creditor Talentscale, Inc. ("Talentscale") moves under Federal Rule of Civil Procedure 45(d)(2)(B)(i) to compel Cogent Bank ("Cogent") to produce, without redaction, the statements for the account through which judgment debtor Aery Aviation, LLC ("Aery") collects its receivables, because Cogent blacked out the name of every party paying Aery, no order or agreement permits that redaction, and those names are the most direct path to the income of a debtor that has paid nothing on a $1,142,467.20 judgment entered on October 9, 2024.

**RELIEF REQUESTED**

Talentscale requests an order directing Cogent, within 14 days, to produce unredacted copies of the monthly statements for Cogent account

ending in 0189, titled "Cogent Bank FBO Aery Aviation LLC" (the "Blocked Account"), for the period December 1, 2025 through July 31, 2026, which Cogent produced in redacted form at Bates CB002259 through CB002290. In the alternative, Talentscale requests an order directing production under the Stipulated Confidentiality Agreement between Talentscale and Cogent (Ex. H), modified to permit use of the material in aid of enforcement of the judgment in any court, or under a protective order of this Court on the same terms. Talentscale does not request expenses.

## BACKGROUND

### A. Aery's Receivables Sweep Daily Into a Line of Credit That Aery Has Drawn in Full and Cogent Enlarged in July 2026.

On October 9, 2024, the United States District Court for the Eastern District of Virginia entered a $1,142,467.20 judgment for Talentscale against Aery. N.D. Fla. ECF No. 82 at 4. The Court may take judicial notice of the Northern District docket. Fed. R. Evid. 201(b)(2). Talentscale registered the judgment in the Northern District of Florida on January 13, 2025, N.D. Fla. ECF No. 2, and in this Court, which issued a writ of garnishment to Cogent that Cogent answered. ECF Nos. 10, 15, 16. Aery has paid nothing. Ex. E (Tr. 6:25–7:1), Ex. G.

Cogent extended Aery a revolving line of credit secured by Aery's accounts receivable, and the Blocked Account Agreement requires Aery to

deposit every receivable into the Blocked Account. Ex. E (Tr. 7:19–22, 8:6–9). Each deposit sweeps the same day to loan account 5591, and the daily balance is zero on every day listed. Ex. C (CB002273, CB002277). In April 2026 the account received 43 deposits totaling $4,053,423.98, and in May 2026 it received 27 deposits totaling $2,439,235.68. Ex. C (CB002270, CB002274).

Aery has drawn the line in full. Cogent's Combined Billing Summary dated June 30, 2026 shows a $16,000,000 limit, a principal balance of $12,768,127.53, and "Relationship Available" of $0.00 after the sub notes are counted. Ex. D (CB002166). The summary dated July 31, 2026 shows that Cogent raised the limit to $18,000,000 while the judgment sat unpaid and that the principal balance rose to $15,179,680.22, with relationship available again at $0.00. Ex. D (CB002162).

### B. The Northern District Deferred the Motion to Compel Filed in 2025 and Entered No Order on Redactions.

Talentscale served its first subpoena on Cogent from the Northern District on February 3, 2025. Cogent withheld the Blocked Account statements, and Talentscale moved to compel. N.D. Fla. ECF No. 82. At a telephonic hearing on May 23, 2025, Judge Wetherell dissolved a writ of garnishment Talentscale had served on the Cleveland Clinic Foundation, on the strength of Cogent's lien, and then addressed the subpoena. He said Talentscale was entitled to discover where Aery found the money to pay

Cogent's interest and fees, Ex. E (Tr. 33:13–34:1), and that the Blocked Account statements had "potential relevance" as a check on whether Aery was diverting receivables rather than sweeping them to the loan. Ex. E (Tr. 34:5–16). He also said he was concerned about writs to every payor and considered the identity of the payors "less important" than the flow of funds. Ex. E (Tr. 36:3–12, 40:24–41:10).

Cogent's counsel then proposed producing the Blocked Account statements with the names of depositors redacted. Ex. E (Tr. 40:16–19). Talentscale's counsel responded that "as long as we can agree that only the contractors that are sending receivables are redacted, we would be amenable to those statements being produced in that form for the time being." Ex. E (Tr. 40:20–23). Judge Wetherell deferred the motion to compel without ruling on the proposal and ordered the parties to confer and report within 14 days. Ex. E (Tr. 41:11–19), Ex. F (N.D. Fla. ECF No. 84). Talentscale's counsel confirmed the accommodation by email the same day, describing it as "contingent on the redactions being limited to only the names and account numbers of the parties transmitting receivables into the account." Ex. G.

The parties' joint report of June 5, 2025 described Cogent's production, including redacted Blocked Account statements for January 2024 through April 2025. Ex. F (N.D. Fla. ECF No. 88 ¶¶ 2–3). The court ordered a second report, Ex. F (N.D. Fla. ECF No. 89), in which the parties stated that the

motion "has been resolved," Ex. F (N.D. Fla. ECF No. 98 at 1), and the court denied the motion as moot. Ex. F (N.D. Fla. ECF No. 100). No order in that sequence mentions redactions, relevance, or the Blocked Account. Talentscale appealed the dissolution order. N.D. Fla. ECF No. 112, No. 25-12618 (11th Cir.).

### C. Cogent Accepted Service of the Subpoena, Objected on Relevance, and Produced Redacted Statements.

On August 10, 2026, Talentscale issued a subpoena to Cogent from this case commanding production at 401 W. Central Boulevard, Orlando, or by email. Ex. A. Talentscale served notice and a copy on Aery's counsel the same afternoon, Ex. A, and transmitted the subpoena to Cogent's counsel, who accepted service on August 13, 2026 and asked for more time. Talentscale agreed to extend the return date to August 20, 2026, and Cogent produced on that date. Ex. A. Talentscale also issued a subpoena in identical terms from the Northern District that day and served notice of it on Aery. Ex. A. Cogent served its objections on August 20, 2026. Ex. B.

Request 1 of the subpoena seeks, for the period December 1, 2025 through July 31, 2026, all monthly bank or loan statements for all bank or loan accounts pertaining to Aery, and it identifies seven accounts by their last four digits, including x0189. Ex. A. Request 2 seeks statements of account for the same period showing all payments and balances on all loans or credit lines to

Aery. Ex. A. Cogent objected to Request 1 as overbroad and outside the scope of discovery on the ground that statements or records for accounts pertaining to Aery "are not relevant to Plaintiff's garnishment proceedings to the extent the accounts are not titled in Aery's name," and it stated that "Account x0189 is titled in Cogent's name and the funds held therein are otherwise held expressly for the benefit of and subject to a first priority lien of Cogent." Ex. B at 2. Subject to that objection, Cogent agreed to produce monthly statements for the five other accounts named in the request and stated that it "will produce redacted statements for Account x0189, consistent with the Court's Order in the case of Talentscale v. Aery Aviations, Case No. 5:25-mc-00001-TKW (the 'Northern District case') and prior agreed-upon redactions, to the extent not already produced in the Northern District case." Ex. B at 2–3. Cogent's only other objections are three conditional threshold objections, one of which conditions production of confidential information on "a mutually agreeable confidentiality agreement or the entry of a protective order," and a vagueness objection to Request 2 that Cogent answered by producing. Ex. B at 1–3. Cogent's written objections raised no objection to the place of compliance, the time to respond, the issuing court, or burden. Ex. B.

Cogent produced 145 pages the same day, stamped "CONFIDENTIAL." Ex. B (cover letter). The production includes eight monthly Blocked Account statements at CB002259 through CB002290, of which the April and May 2026

statements are Exhibit C. On those statements Cogent blacked out the description line of most deposits. For many of the largest deposits the redaction covers the entire line, including the transaction type, so the statement no longer shows whether the $280,875.35 deposit on April 3, the $314,495.48 deposit on April 8, the $1,797,629.00 deposit on April 28, or the $1,305,688.00 deposit on May 28 was a receivable from a customer, a transfer from one of the five borrower entities named on the account, or a deposit from a principal. Ex. C (CB002270, CB002272, CB002273, CB002276). On other lines Cogent redacted only the text following "ORIG." Ex. C (CB002272).

### D. Cogent Confirmed in Conferral That the Redaction Is the Only Dispute.

Talentscale asked for unredacted statements on August 25, 2026, and Cogent refused the next day, citing "the prior handling of the blocked account, which was agreed to by the Court and Talentscale's predecessor counsel." Cogent has never identified that order by case, docket, or page despite Talentscale's written requests of August 26, 27, and 31. Ex. G. Counsel conferred by Zoom on September 16, 2026. On September 17, 2026, Cogent's counsel confirmed in writing that Cogent holds no other Aery accounts, that account 6824 closed on December 5, 2024, that Cogent "is not withholding any documents based upon any objections," and that Cogent "will not agree to

produce unredacted statements for the Blocked Account." Ex. G. The redaction is the only issue.

## ARGUMENT

### I. RULE 69(a)(2) ENTITLES TALENTSCALE TO LEARN WHO IS PAYING THE JUDGMENT DEBTOR.

A judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The Supreme Court has described the rules governing that discovery as "quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014). The Eleventh Circuit reads the rule to authorize "a judgment creditor to obtain post-judgment discovery from any person using all the discovery devices provided in the Federal Rules or by state practice." *In re Clerici*, 481 F.3d 1324, 1336 n.17 (11th Cir. 2007). This Court has granted a judgment creditor's request for discovery under the rule. *Ingram Enters., Inc. v. Showtime Fireworks Orlando LLC*, No. 6:23-cv-818-WWB-RMN, 2024 WL 5056381, at *2 (M.D. Fla. Nov. 18, 2024) (ordering judgment debtors to complete Fact Information Form 1.977 under Rule 69(a)(2) and Florida Rule of Civil Procedure 1.560(b)). The scope of a Rule 45 subpoena is the scope of Rule 26. *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-cv-72-Orl-41TBS, 2017 WL 4342316, at *8 (M.D. Fla. Sept. 29, 2017). The party seeking the

discovery bears the burden of showing relevance, and the person resisting the subpoena bears the burden of showing that compliance is unduly burdensome or calls for privileged or protected material. *Fadalla v. Life Auto. Prods., Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007), *modified on reconsideration on other grounds*, No. 3:07-mc-42-J-32MCR, 2008 WL 68594 (M.D. Fla. Jan. 4, 2008). This Court has applied the same allocation to a nonparty resisting a subpoena for its bank statements, holding that “the party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted” and that the movant under Rule 45(d)(3) “bears the burden of establishing at least one of the above requirements.” *Bethune-Cookman Univ., Inc. v. Dr. Mary McLeod Bethune Nat’l Alumni Ass’n*, No. 6:22-cv-47-WWB-RMN, 2023 WL 9792570, at *1–2 (M.D. Fla. Nov. 13, 2023). Talentscale carries its burden below.

In the Northern District proceeding to enforce this same judgment, the court applied those principles to a subpoena served on a nonparty. Rule 69(a)(2) “permits broad discovery” because “the satisfaction of judgments is important to the American legal system,” and its reference to “any person” reaches nonparties. *Talentscale, Inc. v. Aery Aviation, LLC*, 802 F. Supp. 3d 1370, 1375–79 (N.D. Fla. 2025). When a judgment debtor “appears to have expended substantial capital while failing to satisfy a judgment after a reasonable time,” a court may perceive a need for broader discovery, *id.* at

1377, and in such instances the creditor "must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *Id.* (quoting *Caisson Corp. v. Cnty. W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974)). A nonparty "can be examined in relation to the financial affairs of the judgment debtor," especially when there is a close relationship between the judgment debtor and the nonparty. *Id.* at 1380 (quoting *Caisson*, 62 F.R.D. at 335). Cogent is Aery's lender, holds Aery's receivables under the Blocked Account Agreement, and maintains the account for Aery's benefit. Ex. E (Tr. 7:19–22, 8:6–9). The same opinion cautions that a demonstration of relevance is particularly important when the creditor seeks information from a nonparty and that a nonparty's burden receives special weight, *Talentscale*, 802 F. Supp. 3d at 1378–79. Talentscale meets both cautions. The information sought is the judgment debtor's own income, and the burden of producing it is nil. Aery has also expended substantial capital while the judgment goes unpaid. More than $6.4 million in receivables passed through the Blocked Account in April and May 2026, and Aery drew $2,411,552.69 of new credit in July 2026. Ex. C (CB002270, CB002274), Ex. D (CB002162, CB002166).

The redacted information is the judgment debtor's income. The Blocked Account is the one place Aery's receivables go, and the statements as produced show that $4,053,423.98 arrived in April 2026 without showing from whom. That is the information Rule 69(a)(2) exists to provide, and Judge Wetherell

recognized as much when he told Cogent that Talentscale was entitled to find out where Aery's money comes from. Ex. E (Tr. 33:13–34:1, 34:15–21). The Eighth Circuit has held that "the presumption should be in favor of full discovery of any matters arguably related to" a judgment creditor's efforts to trace the debtor's assets and enforce its judgment, *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998), and courts in this Circuit apply the same presumption. *Chase Bank USA, N.A. v. Cherry*, No. 0:16-mc-62810, 2026 WL 2740434, at *1 (S.D. Fla. Sept. 16, 2026). In *Cherry*, a registering court enforcing a Delaware judgment against a debtor with a record of transferring assets to relatives held that a subpoena to a nonparty fell within post-judgment discovery because the records "could reveal the names of individuals and entities who may hold Defendant's assets." *Id.* at *3. Aery's receivables are Aery's assets, and the payors Cogent has hidden are the entities holding them.

Cogent has also concealed what the deposits are. Cogent grounds its objection entirely on its lien over Aery's "accounts receivable." Ex. B at 2. A lien on receivables does not reach a capital contribution, a transfer among the five borrower entities named on the account, or a deposit from a principal, and the redactions of entire lines make it impossible to tell which of the largest deposits are which. Ex. C (CB002272, CB002273, CB002276). Cogent cannot invoke its lien to withhold the information needed to test whether the lien

applies. Judge Wetherell identified this use when he said the statements would be relevant if they showed money entering the account and going somewhere other than the loan. Ex. E (Tr. 34:5–16, 39:9–40:6).

Cogent will point to Judge Wetherell's remark that the payors' identity was "less important" to him than the flow of funds, and to his concern that Talentscale might serve writs on Aery's customers. Ex. E (Tr. 36:3–12, 40:24–41:10). Those remarks accompanied a deferral rather than a ruling, and they addressed the use of the information rather than its discoverability. Whether a future writ survives Cogent's lien is a question for the court that issues it under chapter 77, Florida Statutes, and Cogent, which has defended its lien in every proceeding to date, can do so again. The confidentiality order Talentscale offers below answers any concern about use. The premise has also changed. The priority ruling is on appeal. Aery had drawn Cogent's line in full by June 30, 2026, and Cogent enlarged it in July. Ex. D (CB002162, CB002166). The statements show receivables sweeping against a line that Aery draws down again, so the money the Northern District treated as "spoken for," Ex. E (Tr. 32:17–25), funds new advances to Aery while the judgment goes unpaid. Ex. C (CB002273, CB002277), Ex. D (CB002162, CB002166).

## II. RULE 45(e)(1)(A) REQUIRES COGENT TO PRODUCE THE STATEMENTS AS IT KEEPS THEM, AND NO RULE PERMITS A RELEVANCE REDACTION.

A person responding to a subpoena "must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(e)(1)(A). The only mechanism in Rule 45 for withholding part of a responsive document is a claim of privilege or work product protection, which the responding person must "expressly make" and describe. Fed. R. Civ. P. 45(e)(2)(A). Cogent claims neither. A bank statement with the description of each deposit blacked out is not the statement as Cogent keeps it.

Courts in this District and in the Southern District of Florida have rejected unilateral relevance redactions of otherwise discoverable documents. A responding party "cannot unilaterally redact portions of otherwise discoverable, non-privileged documents based on its own belief that portions of the documents are irrelevant . . . ." *Evanston Ins. Co. v. Republic Props., Inc.*, No. 6:16-cv-1649-Orl-40GJK, 2018 WL 11350573, at *3 (M.D. Fla. Feb. 5, 2018) (quoting *Bonnell v. Carnival Corp.*, No. 13-22265-CIV, 2014 WL 10979823, at *4 (S.D. Fla. Jan. 31, 2014)). *Bonnell* rested in part on Rule 34's requirement that documents be produced in the form in which they are ordinarily maintained. 2014 WL 10979823, at *3 (citing *Orion Power Midwest, L.P. v. Am. Coal Sales Co.*, No. 2:05-cv-555, 2008 WL 4462301, at *2 (W.D. Pa. Sept. 30,

2008)). Both courts indicated that a producing party may redact for relevance if the requesting party agrees or a court permits it. *Evanston*, 2018 WL 11350573, at *3 n.5; *Bonnell*, 2014 WL 10979823, at *4 n.6. Neither condition is met here. Talentscale agreed to no redaction of this production, asked for unredacted statements on August 25, 2026, and objected in writing the next day, and Cogent has never sought a protective order. Ex. G. Judge Richardson reached the same result when a producing party redacted "the identities of its other customers" from its production on the theory that disclosure would expose those customers to discovery, holding that "such unilateral redactions are improper, especially considering the parties' confidentiality agreement" and ordering unredacted production within 10 days. *LSM Techs. Pty. Ltd. v. Sy-Klone Co.*, No. 3:22-cv-1019-BJD-MCR, 2023 WL 5934538, at *2, *5–6 (M.D. Fla. Aug. 17, 2023). The rule applies with equal force to documents produced under a subpoena. When a nonparty competitor subpoenaed in a patent case pending in another district redacted emails for relevance, the court held that it "cannot unilaterally redact portions of documents based on relevancy grounds" and ordered the emails produced "without redactions." *Melchior v. Hilite Int'l, Inc.*, No. 13-50177, 2013 WL 2238754, at *3 (E.D. Mich. May 21, 2013). And when a nonparty subpoena recipient in the Southern District redacted what it deemed irrelevant from a production made under a protective order, the court held that "unilateral redaction of irrelevant and non-privileged

material is not generally permitted" and ordered unredacted production subject to an attorneys' eyes only designation. *Terraform Labs Pte. Ltd. v. Citadel Sec., LLC*, No. 1:23-mc-23855-KMM, 2024 WL 2797383, at *3–4 (S.D. Fla. Jan. 30, 2024). Rule 45(e)(1)(A) imposes on a subpoena recipient the same duty to produce documents as kept that Rule 34(b)(2)(E)(i) imposes on a party, and a producing person who edits a document before producing it substitutes its own relevance judgment for the requesting party's and the court's. This Court has applied the same principle in party discovery, rejecting a producing party's refusal to produce while its own motions to stay discovery and compel arbitration were pending and holding that the party "may not unilaterally decide that it does not have an obligation to respond to discovery requests and produce responsive documents." *SuperCooler Techs., Inc. v. Coca-Cola Co.*, No. 6:23-cv-187-CEM-RMN, 2023 WL 7411514, at *1 (M.D. Fla. Oct. 6, 2023).

The redactions also lack internal consistency. On some lines Cogent removed only the originator's name after "ORIG." On others it removed the entire description, including the transaction type. Ex. C (CB002272). A redaction that varies from line to line on the same page reflects an editorial choice rather than the application of a rule.

## III. NO COURT ORDER OR AGREEMENT AUTHORIZES THE REDACTIONS.

Cogent, in its written response, cites as the basis for the redaction "the Court's Order in the case of Talentscale v. Aery Aviations, Case No. 5:25-mc-00001-TKW." Ex. B at 3. The Northern District entered three orders on the motion to compel filed in 2025. One deferred ruling and required a status report, one required a second report, and one denied the motion as moot "[b]ased on the joint status report filed by Plaintiff and Cogent Bank." Ex. F (N.D. Fla. ECF Nos. 84, 89, 100). None addresses redactions, relevance, or the Blocked Account, and Cogent has identified no other order despite Talentscale's request that it do so by docket and page. Ex. G. Cogent may point to the direction in ECF No. 84 that the parties attempt to resolve the motion "based on the guidance provided by the Court at the hearing," but the guidance was that Talentscale could learn where Aery's money comes from, and the redaction proposal came from Cogent's counsel, which the Court neither adopted nor ruled on. Ex. E (Tr. 33:13–34:1, 40:16–23, 41:11–19), Ex. F (N.D. Fla. ECF No. 84).

What Cogent has is an accommodation between counsel. Cogent proposed it at the hearing, Ex. E (Tr. 40:16–19), Talentscale accepted it "for the time being," Ex. E (Tr. 40:20–23), and Talentscale's written confirmation limited it to "the names and account numbers of the parties transmitting

receivables into the account." Ex. G. The accommodation resolved one motion, on one subpoena, 15 months ago, and in the joint reports the parties described a production and asked for nothing. Ex. F (N.D. Fla. ECF Nos. 88, 98). A judgment creditor's decision not to press a point in one discovery dispute does not surrender Rule 69(a)(2) discovery on a later subpoena. The rule authorizes discovery "in aid of the judgment or execution" without limit as to number or time, and circumstances have changed. The dissolution order is on appeal, Cogent has enlarged a line Aery had already drawn in full, and 15 more months of receivables, more than $6.4 million in April and May 2026 alone, have passed through the account. Ex. C (CB002270, CB002274).

## IV. COGENT'S OBJECTIONS DO NOT SUPPORT WITHHOLDING.

### A. Cogent Abandoned Its Relevance Objection by Producing the Statements.

Cogent's stated objection is that statements for accounts "not titled in Aery's name" are irrelevant. Ex. B at 2. Cogent abandoned that objection by producing eight months of Blocked Account statements here and 16 months of them in 2025. Ex. C, Ex. F (N.D. Fla. ECF No. 88 ¶¶ 2–3). *See Melendez v. Dixon*, No. 3:20-cv-1023-BJD-JBT, 2022 WL 17738706, at *2 (M.D. Fla. Dec. 16, 2022) (holding that "in producing the records it originally complained were not relevant or proportional to the needs of the case, the FDOC abandoned these objections"). The account bears the title "Cogent Bank FBO Aery

Aviation LLC," which names Aery as the party for whose benefit the funds are held. Ex. C (CB002270). Cogent said nothing in its written objection about depositor identity, a rationale it first supplied by email six days after its objections were due. Ex. G (Aug. 26, 2026, 4:44 PM).

**B. Talentscale Has Accepted the Confidentiality Protection Cogent Requested.**

Cogent conditioned production of confidential information, in its threshold objection, on a confidentiality agreement or protective order. Ex. B at 1–2. Cogent then stamped every page of its production "CONFIDENTIAL," the designation mechanism in the Stipulated Confidentiality Agreement, Ex. H ¶ 4, and that stamp satisfies the objection on Cogent's own terms. Talentscale will accept the unredacted statements under that agreement modified to permit their use in aid of enforcement of the judgment in any court, or under a protective order of this Court on the same terms. The agreement provides for change "by further Order of the Court" and "different or additional protection for any particular material," Ex. H ¶ 18, and it includes a "Highly Confidential/Attorneys' Eyes Only" tier that expressly covers "customer identification." Ex. H ¶ 2. This Court has compelled a nonparty to produce its bank statements and donation records over its objection that compliance would disclose the names of its donors, finding that the parties' confidentiality stipulation "limits any privacy concerns the Fund may have" and leaving any

question of public filing to "a properly supported motion to seal brought by either party." *Bethune-Cookman*, 2023 WL 9792570, at *2. *See* Non-Party's Obj. & Mot. to Quash ¶¶ 4, 6, *Bethune-Cookman*, No. 6:22-cv-47-WWB-RMN (M.D. Fla. Nov. 1, 2023), ECF No. 131. In party discovery, this Court has also held that a responding party's belief that "the parties should enter into a confidentiality agreement before producing documents is not an excuse to withhold responsive materials." *Bethune-Cookman Univ., Inc. v. Dr. Mary McLeod Bethune Nat'l Alumni Ass'n*, No. 6:22-cv-47-WWB-RMN, 2023 WL 7128897, at *2 (M.D. Fla. July 12, 2023). Where the parties had no confidentiality agreement, this Court ordered production "two weeks after the execution of a confidentiality agreement" and required the party seeking to protect information to file a motion "detailing why the information is confidential." *SuperCooler*, 2023 WL 7411514, at *2. Talentscale and Cogent already have that agreement, and Cogent has filed no such motion. Cogent has made no showing that an attorneys' eyes only designation would fail to protect whatever confidentiality interest it has in the names of Aery's payors. *See Terraform Labs*, 2024 WL 2797383, at *4 (ordering a nonparty to produce unredacted documents under an attorneys' eyes only designation where it "ha[d] not shown that an Attorneys' Eyes Only designation would not adequately protect its confidentiality interests"). Even where a party redacted on confidentiality grounds, the court in this District required it to index each

redaction and its basis, confer in good faith, and, failing agreement, move for a protective order supported by specific evidence. *Evanston*, 2018 WL 11350573, at *4–5. Cogent has done none of those things, and it has never asserted confidentiality as the basis for the payor redactions. Its counsel stated in writing that "[t]he basis of our objection is relevance." Ex. G (Aug. 26, 2026, 4:44 PM).

### C. Cogent Faces No Burden and Is No Stranger to This Litigation.

Rule 45(d)(2)(B)(ii) protects a person "who is neither a party nor a party's officer from significant expense resulting from compliance." There is none. The unredacted statements exist, and producing them is less work than the redaction was. The Court should also measure the solicitude Rule 45 extends to a stranger to the litigation against Cogent's record. Cogent answered Talentscale's writs of garnishment as garnishee in this Court and in the Northern District, ECF No. 16, Ex. I (N.D. Fla. ECF No. 22), moved to dissolve the writ Talentscale served on the Cleveland Clinic Foundation on the strength of a first priority security interest in the $921,471.42 the Cleveland Clinic Foundation owed Aery, with affidavits under section 77.16, Florida Statutes, Ex. I (N.D. Fla. ECF Nos. 65, 77), described its communications with Aery as protected by a "joint defense/common interest privilege," Ex. I (N.D. Fla. ECF No. 182 at 5), signed the Stipulated Confidentiality Agreement through

counsel as "Garnishee, Cogent Bank," Ex. H at 1, 11, and told the Northern District that it monitors Talentscale's garnishment actions in other districts so that it can defend them. Ex. E (Tr. 37:16–38:19). Cogent is the judgment debtor's lender, defending the arrangement by which the debtor's receivables finance the debtor's operations.

**D. Cogent Waived Any Objection It Did Not Serve in Writing.**

A person served with a subpoena must serve any written objection "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). A ground that appears in no written objection is not an objection Cogent served. This Court has held, in party discovery, that "[a]ny argument or objection that is not made in writing before the filing of a motion is waived." *Liquid Consulting, Inc. v. Herrera*, No. 6:22-cv-2312-RBD-RMN, 2023 WL 3688075, at *1 n.2 (M.D. Fla. May 26, 2023). Failure to serve timely objections "[t]ypically . . . waives any objections the party may have," although "waiver is not automatic" because "circumstances surrounding the untimely disclosure may militate against a finding of waiver." *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2014 WL 12639859, at *3 (M.D. Fla. Aug. 29, 2014) (declining to find waiver where the recipient had timely objected to a companion deposition subpoena for the same materials and where the breadth of the requests favored a ruling on the merits). Cogent raised relevance, confidentiality, and vagueness in its written

objections, Ex. B. No companion objection excuses its silence on any other ground, and a subpoena for eight months of statements for one account presents no question of breadth.

## V. THIS COURT MAY ENFORCE A SUBPOENA ISSUED FROM THIS CASE.

The subpoena commands production in Orlando, where Cogent is located, so this Court is "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i). Ex. A, Ex. C (CB002270). The subpoena also issued from this case. A registered judgment "shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C.  1963. Enforcement "in like manner" includes the discovery Rule 69(a)(2) provides "[i]n aid of the judgment or execution," and Rule 45 is among "these rules" through which that discovery proceeds. This Court has issued a writ of garnishment in this case, and Cogent answered it here as garnishee, ECF Nos. 10, 15, 16, and a court that enforces a judgment is a court in which the enforcement proceeding is pending for purposes of Rule 45(a)(2). The Northern District has adjudicated two contested Cogent subpoenas issued from its registration case on the merits, N.D. Fla. ECF Nos. 159, 222, and the Southern District did the same this month in the miscellaneous case in which a creditor had registered a Delaware judgment. *See Cherry*, 2026 WL 2740434, at *1–3. Cogent accepted service of this

subpoena, captioned its response in this case, objected only on the grounds described above, and produced. Exs. A, B. It has waived any objection to the issuing court.[1]

## CONCLUSION

Talentscale requests an order directing Cogent to produce, within 14 days, unredacted copies of the Blocked Account statements for December 1, 2025 through July 31, 2026, Bates CB002259 through CB002290, or in the alternative to produce them under the Stipulated Confidentiality Agreement as modified above or a protective order of this Court on the same terms.

[1]In its Order dated October 21, 2025, the Court observed that a subpoena Aery had moved to quash "incorrectly identifies this Court and this case number" and reserved whether that error affected enforceability. ECF No. 21 at 2 n.1. That subpoena, in Aery's description, issued in connection with the Virginia case and concerned property in the Fort Myers Division. *Id.* at 1–2. The subpoena here issued from this case, in aid of the judgment registered in this case, with compliance in this Division, and Cogent has raised no objection to it on that ground.

## LOCAL RULE 3.01(g) CERTIFICATE

Counsel for Talentscale conferred with counsel for Cogent in a good faith effort to resolve this motion. Counsel exchanged written correspondence on August 25, 26, 27, and 31 and September 14 and 17, 2026, and conferred by Zoom videoconference on September 16, 2026 at 3:00 p.m., during which counsel discussed the relief requested in this motion. Cogent opposes the relief requested. The parties did not agree on the resolution of any part of the motion.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By: /s/ Darren D. Sturges
Darren D. Sturges
Florida Bar No. 103393
dsturges@chaselaw.com
Kenneth E. Chase
Florida Bar No. 17661
kchase@chaselaw.com
Chase Law & Associates, P.A.
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Telephone: (305) 402-9800

Counsel for Plaintiff Talentscale, Inc.

**CERTIFICATE OF SERVICE**

I, Darren D. Sturges, hereby certify that I served the foregoing via CM/ECF on October 8, 2026, which serves electronic notice on all counsel of record and registered CM/ECF users, including counsel for Aery Aviation, LLC, Rachel L.T. Rodriguez (rrodriguez@vireslawgroup.com), Vires Law Group, and by email on counsel for Cogent Bank, Courtney M. Keller (kellerc@gtlaw.com) and Savannah Young (youngsa@gtlaw.com), Greenberg Traurig, P.A., 450 South Orange Avenue, Suite 650, Orlando, Florida 32801, and, as a courtesy, on Justin Burch (justin.burch@davisba.com), Davis, Burch & Abrams, counsel for Aery Aviation, LLC in related matters.

By: /s/ Darren D. Sturges
Darren D. Sturges

# INDEX OF EXHIBITS

| | |
|---|---|
| **Exhibit A** | Subpoena to Cogent Bank dated August 10, 2026, with Rule 45(a)(4) notices and service correspondence |
| **Exhibit B** | Cogent Bank's Responses and Objections and cover letter dated August 20, 2026 |
| **Exhibit C** | Blocked Account statements for April and May 2026, CB002270–CB002277 (account numbers truncated under Fed. R. Civ. P. 5.2(a)(4)), to be filed separately under paragraph 12 of Exhibit H |
| **Exhibit D** | Combined Billing Summaries dated June 30 and July 31, 2026, CB002162 and CB002166 (account numbers truncated under Fed. R. Civ. P. 5.2(a)(4)), to be filed separately under paragraph 12 of Exhibit H |
| **Exhibit E** | Transcript of hearing held May 23, 2025, N.D. Fla. ECF No. 93-3 |
| **Exhibit F** | N.D. Fla. ECF Nos. 84, 88, 89, 98, and 100 |
| **Exhibit G** | Correspondence between counsel for Talentscale and counsel for Cogent Bank, May 23, 2025 through September 17, 2026 |
| **Exhibit H** | Stipulated Confidentiality Agreement between Talentscale and Cogent Bank (captioned in error as No. 5:24-mc-00001-TKW). See N.D. Fla. ECF No. 93-1 ¶¶ 20, 25 |
| **Exhibit I** | N.D. Fla. ECF Nos. 22, 65, 77, and 182 |